UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIDEL CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., a Delaware Corporation, SIEMENS HEALTHCARE DIAGNOSTICS INC., a California Corporation, and DOES 1-50 INCLUSIVE,<br><br>Defendants. | Case No.: 16-cv-3059-BTM-AGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO MOVE TO STRIKE; AND GRANTING MOTIONS TO SEAL**<br><br>**[ECF Nos. 59, 65, 66, 102, 106, 109, 111]** |

    Before the Court is Plaintiff's Motion for Partial Judgment on the Pleadings, and Defendants' Motion to Modify Scheduling Order and for Leave to Amend Answer and Counterclaims. The Court also considers Plaintiff's objection to Defendant's introduction of new evidence on reply, as well as several pending Motions to Seal.

    For reasons set forth below, the Court GRANTS Defendants' Motion (ECF No. 65) and DENIES Plaintiff's Motion for Partial Judgment as moot. (ECF No.

59). The Court overrules Plaintiff's objections to Defendants' introduction of new evidence (ECF No. 109) and GRANTS the Motions to Seal (ECF Nos. 66, 102, 1016, 111).

## I. BACKGROUND

According to the First Amended Complaint (FAC), Plaintiff manufactures a product, "Thyretain," that detects thyroid-stimulating immunoglobins ("TSI") and can differentiate TSI from other types of immunoglobins. (ECF No. 12 "FAC" ¶ 13). This ability to detect TSI may aid in the diagnosis of patients with Graves' disease, and distinguishes Thyretain from other products on the market, known as "TRAb assays." (ECF No. 12 "FAC" ¶ 13).

Defendants have developed a product called "IMMULITE" that the FAC alleges is "intended to compete with Thyretain." (FAC ¶ 14). Plaintiff alleges that IMMULITE does not differentiate between TSI and other immunoglobins, despite marketing to the contrary, and may lead to misdiagnoses of Graves' disease. (FAC ¶ 15). The FAC alleges Defendant has engaged in false advertising, statutory unfair competition and false advertising, and intentional interference with prospective economic advantage. (*See* FAC).

On March 8, 2017, Defendant moved to dismiss the FAC. (ECF No. 14). The Court denied the Motion on October 16, 2017. (ECF No. 14, 22).

Defendants answered the FAC on October 31, 2017. (ECF No. 23 "Answer"). The Answer asserts several affirmative defenses, including an unclean hands defense, but no counterclaims. The unclean hands defense states in its entirety: "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." (Answer at 8).

Magistrate Judge Schopler issued a scheduling order setting March 16, 2018 as the deadline for amending the pleadings. (ECF No. 30). The deadline was later extended to April 30, 2018. (ECF No. 36). The parties have since engaged in extensive discovery, including depositions and numerous meet-and-

confers. At a meet-and-confer in September, the parties discussed whether Defendant would amend its Answer to provide a factual basis for its unclean hands defense. (ECF No. 65-3, Exh. 1 at 4). Plaintiff followed up by email on October 4, 2018. (Id.) Defendant agreed to amend the Answer by October 19, 2018. (Id. at 1). Plaintiff rejected Defendant's proposed timeline, and on October 15, 2018, moved for partial judgment on the pleadings as to Defendant's unclean hands affirmative defense. (ECF No. 59).

On October 24, 2018, Defendant moved to modify the scheduling order and for leave to file an amended answer and counterclaims. (ECF No. 65). Defendant's proposed amended answer adds more substance to its unclean hands affirmative defense, alleging ways in which Plaintiff has engaged in mirror-image conduct. (ECF No. 67 "Proposed Answer" Exh. B). The counterclaims in the proposed amended answer include: (1) unlawful, unfair, and fraudulent trade practices in violation of California Business and Professions Code; (2) intentional interference with prospective economic relations under California Common Law; (3) trade libel under California Common Law; and, (4) abuse of process under California Common Law. (Id.).

## II. DISCUSSION

A party moving to amend the pleadings after the deadline has passed must first show "good cause" for modifying the scheduling order under Federal Rule of Civil Procedure 16(b)(4) and then, upon showing good cause, demonstrate the propriety of the amendment under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 607-08 (9th Cir. 1992).

### A. Modification of Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) provides "a schedule may be modified only for good cause and with the judge's consent." The "good cause" requirement primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. If the moving party "was not diligent, the

inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation omitted).

The deadline to amend the pleadings expired approximately six months before Defendants filed their Motion. (*See* ECF Nos. 30, 36). However, Defendants state they learned of the full extent of Plaintiff's misconduct through depositions of Plaintiff's representatives and scientists in September 2018. (ECF No. 65-1 at 8). It was at this time that Plaintiff requested that Defendants provide a factual basis for its unclean hands defense. (See ECF No. 65-3, Exh. 1). Defendants agreed to do so within a reasonable time, but Plaintiff nevertheless moved forward with a Motion for Partial Judgment on the pleadings. (See id.; ECF No. 59). The Court concludes Defendants were diligent in moving for leave to amend in response to the events of September 2018. Good cause exists to modify the scheduling order.

**B. Leave to Amend And Assert Counterclaims**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 also provides that the court's leave "shall be freely given when justice so requires." *Id.* The court's decision to grant or deny a motion to amend or assert counterclaims should "be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Absent evidence of undue delay, bad faith, undue prejudice to the opposing party, or futility of amendment, courts apply this policy with extreme liberality. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

//
//

### 1. Undue Delay

"In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). "We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *Id.* at 953.

Here, Defendants learned new information from depositions that took place in September 2018, which provided key factual bases for both their affirmative defenses and counterclaims. (*See* ECF No. 67, Exh. C at 8; Proposed Answer ¶¶ 31, 46, 49, 60). Defendants moved to amend within a month of those depositions, and shortly after Plaintiff requested that Defendants bolster their unclean hands affirmative defense to provide fair notice. (ECF No. 65-3, Exh. 1). Thus, there was no undue delay.

### 2. Bad Faith

Bad faith exists where the proposed amendment suggests that the movant is "merely . . . seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Here, nothing in the record suggests unfair tactical maneuvering. There is a close nexus between the proposed amendments and the evidence uncovered during discovery, and neither the amendments nor the counterclaims are baseless or suprising. The Court finds no evidence of bad faith.

### 3. Undue Prejudice

"[P]rejudice to the opposing party . . . carries the greatest weight" in this inquiry. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, "bald assertions of prejudice cannot overcome the strong policy

reflected in Rule 15(a) to facilitate a proper disposition on the merits." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006) (internal alterations omitted) (quoting *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981)). After careful consideration, the Court concludes this factor does not weigh against granting Defendants' Motion. The amendments and counterclaims go to the merits of the controversy between the parties, and discovery has not yet fully closed. (See ECF No. 117 (expert discovery cutoff set for April 12, 2019)). Because Plaintiff requested the amended Answer, which would provide Plaintiff with fair notice of Defendants' unclean hands defense, and because the counterclaims are related to the same mirror-conduct allegations that have been discussed throughout discovery, the Court can see no prejudice to Plaintiff resulting from granting Defendants leave to amend and assert counterclaims before the close of discovery.

### 4. Futility of Amendment

Amendment is not futile. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, Defendants' counterclaims, all of which allege mirror-image conduct of Plaintiff, are plausible on their face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This too weighs in favor of granting Defendants' Motion.

### C. Motion for Partial Judgment

Because the Court grants Defendant's Motion for Leave to Amend and Assert Counterclaims, Plaintiff's Motion for Partial Judgment on the unclean hands affirmative defense is denied as moot. (ECF No. 59).

### D. Motion for Leave to File a Motion to Strike Defendants' Reply

Plaintiff moved for leave to strike Defendants' Reply, asserting that

Defendants' inclusion of excerpted depositions and Erik Haas' declaration was improper. (ECF No. 109 at 1). Plaintiff cites to Local Rule 7.1(f), which governs the types of evidence that must be served with a motion, as well as Federal Rule of Civil Procedure 6, which provides that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2).

Generally, "[n]ew evidence submitted in reply should not be considered without affording plaintiffs an opportunity to respond." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996)). However, evidence is not new if it directly responds to "proof adduced in opposition to a motion." *Id.*

The evidence here was not new. Defendants had included excerpts and facts learned from the September 2018 depositions in its proposed amended Answer. (See, e.g., ECF No. 67, Exh. B ¶¶ 31, 46, 49, 60). Moreover, Defendants supplied the declaration and excerpted depositions to respond to Plaintiff's argument that Defendants were aware of the facts prior to September 2018 and had failed to specify what they had learned and when they learned it. (ECF No. 100 at 2). By supplying the declaration and excerpted depositions, which by and large were included in its original Motion, Defendants directly responded to the substance of Plaintiff's opposition.

The Court further notes that in resolving the Motion for Partial Judgment and Motion for Leave to Amend, the Court relied on the original motion and proposed amended answer, and did not consider evidence proffered in Defendant's Reply. Granting leave to brief a motion to strike would not change the outcome of any of the foregoing Motions. Accordingly, the Court denies Plaintiff's Request for Leave to File A Motion to Strike Defendants' Reply. (ECF No. 109).

### E. Motions to Seal

Pursuant to the Protective Order entered into by the parties (ECF No. 53),

the Court grants all the motions to file documents under seal related to the briefing of these issues. (ECF Nos. 66, 102, 106, 111).

### III. CONCLUSION

Given the foregoing, the Court GRANTS Defendants' Motion to Modify Scheduling Order and for Leave to Amend; the Court DENIES Plaintiff's Motion for Partial Judgment; the Court DENIES Plaintiff's Motion for Leave to File a Motion to Strike Defendants' Reply; and the Court GRANTS the Motions to file the above-specified documents under seal.

IT IS SO ORDERED.

Dated: March 27, 2019

Honorable Barry Ted Moskowitz
United States District Judge