UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIDEL CORPORATION,<br><br>                      Plaintiff,<br><br>    v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., *et al.*,<br><br>                      Defendants. | Case No. 16-cv-3059-BAS-AGS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND SANCTIONS**<br><br>**[ECF No. 132]** |

Defendants Siemens Medical Solutions USA, Inc. and Siemens Healthcare Diagnostics Inc. move for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1117(a) and for sanctions against Plaintiff Quidel Corporation and its counsel pursuant to Federal Rule of Civil Procedure 11. ("Mot.," ECF No. 132.)

## I. BACKGROUND

An extensive background of this case can be found in the Court's order on the parties' cross-motions for summary judgment. (*See* ECF No. 254.)

## II. LEGAL STANDARD

### A. <u>15 U.S.C. § 1117(a)</u>

The Lanham Act permits an award of reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). Originally, "[w]hile the term

'exceptional' [was] not defined in the statute, generally a trademark case [was] exceptional for purposes of an award of attorneys' fees when the infringement [was] malicious, fraudulent, deliberate or willful." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). In 2016, the Ninth Circuit in *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179 (9th Cir. 2016), relied on the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 472 U.S. 545 (2014), to abrogate *Lindy Pen Co.* and modify the standard definition of "exceptional" in attorney fee recovery Lanham Act cases. *SunEarth, Inc.*, 839 F.3d at 1180. Ultimately, the Ninth Circuit held that "district courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case [is] exceptional, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard." *Id.* at 1181 (internal citation omitted). These nonexclusive factors include: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1181 (citation omitted).

An exceptional case as one that simply "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1180 (citation omitted). The determination of "exceptional" falls squarely within the discretion of the trial court. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014).

**B.  <u>Rule 11</u>**

Under Rule 11, any "pleading, written motion, or other paper" presented "to the court" must contain "factual contentions" with "evidentiary support" or must "likely have evidentiary support after a reasonable opportunity for further" discovery. Fed. R. Civ. P. 11(b). Rule 11 sanctions are "an extraordinary remedy"

to be "exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

### III. ANALYSIS

Defendants believe this case is exceptional because Plaintiff's claims are frivolous and stem from a wrongful motivation. Defendants argue this case epitomizes the "type of baseless litigation that should be discouraged." (Mot. at 23.)

Both parties recently moved for summary judgment in their favor. The Court granted Defendants' motion in part, finding no evidence that any laboratories were deceived or likely to be deceived by Defendants' allegedly false advertisements. But the Court found a genuine question of material fact existed as to whether the statements at issue are false, and further issues as to whether physicians are a part of the relevant market and whether they were deceived by the allegedly false statements. Both parties have submitted plausible evidence on these issues. *See Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-CV-2472-AJB-KSC, 2019 WL 1429588, at *10 (S.D. Cal. Mar. 29, 2019) (finding courts have denied attorney's fees "when a plaintiff's 'position . . . was not unreasonably or exceptionally weak" and it "submit[ted] evidence of some actual confusion from customers" (citing cases)).

Therefore, the Court declines to find that Plaintiff's case is frivolous or objectively unreasonable. The Court exercises its discretion in light of the totality of the circumstances and finds that this case is not exceptional warranting attorney's fees under the Lanham Act. For the same reasons, the Court also declines to award fees under its "inherent authority," as Defendants request in the alternative. (Mot. at 25.)

Further, Defendants argue they should be awarded sanctions because Plaintiff's counsel knowingly presented false allegations to the Court. (*Id.* at 24.) As noted above, Plaintiff has presented evidence in support of its case, and the Court finds that various issues of material fact still exist. The imposition of sanctions is reserved "for the rare and exceptional case where the action is clearly frivolous,

legally unreasonable or without legal foundation." *Operating Engineers*, 859 F.2d at 1344. At this point, the Court does not find this to be one of those cases, and the Court does not find Plaintiff's counsel's conduct sanctionable.[1]

**IV. CONCLUSION**

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion. (ECF No. 132.)

**IT IS SO ORDERED.**

**DATED: October 21, 2019**

Hon. Cynthia Bashant
United States District Judge

---

[1] In its Opposition, Plaintiff requests Defendants be sanctioned for filing the present Motion. (ECF No. 172, at 25.) Plaintiff requests reimbursement for its expenses spent responding to the Motion. "A motion for sanctions must be made separately from any other motion . . . ." Fed. R. Civ. P. 11(c)(2). Plaintiff did not file a separate motion for sanctions, and only dedicated one paragraph of its opposition to its request. Thus, its request is improperly presented.