# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIDEL CORPORATION,<br><br>                Plaintiff,<br><br>     v.<br><br>SIEMENS MEDICAL SOLUTIONS USA, INC., *et al.*,<br><br>                Defendants. | Case No. 16-cv-3059-BAS-AGS<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>**[ECF No. 274]** |

As part of their opposition to Quidel's motion for summary judgment, Siemens has moved to seal seven exhibits and portions of its opposition brief. (ECF No. 274.) Siemens lodges these documents under seal because Quidel marked information within the exhibits as confidential pursuant to a protective order; therefore, the Court ordered Quidel to respond to Siemens' motion and provide compelling reasons for the sealing any of the material. (ECF No. 277.) Quidel filed a response. (ECF No. 282.)

**I.    LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record

– 1 –

is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II. ANALYSIS

Because the underlying motion for summary judgment is more than tangentially related to the merits of the case, the "compelling reasons" standard applies to the instant motion.

Siemens seeks to seal Exhibits 1, 22, 24, 26, 33, 40, and 41 to the Declaration of Erik Haas in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment. Siemens also seeks to seal portions of its Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment.

Quidel provides that exhibits 1, 22, and 24 reflect Quidel's confidential financial and pricing information regarding Thyretain. The Court finds that this information is sealable under the compelling reasons standard. *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying compelling reasons standard to seal "detailed product-specific financial information" and "profit, cost, and margin data, [which] could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components").

Quidel provides that exhibit 26 reflects its confidential reimbursement analysis for products not related to this litigation, exhibit 33 reflects terms of a consulting agreement, and exhibits 41– 41 reflect negotiations for the acquisition of confidential data from a third party. The Court concludes that if this information was released, Quidel would suffer competitive harm in future negotiations with third parties. *See Baker v. SeaWorld Entm't, Inc.*, No. 14-cv-2129-MMA (AGS), 2017 WL 5029612, at *6 (S.D. Cal. Nov. 3, 2017) (finding compelling reasons to seal "negotiations with third parties" and "contract fees" owed to third parties); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-3844-JST, 2015 WL 984121, at *2–3 (N.D. Cal. Mar. 4, 2015) (concluding compelling reasons exist to seal an exhibit containing information about assignments, and consulting and licensing agreements between a third party consultant and the defendant).

The Court also finds compelling reasons to seal the portions of Siemens'

opposition brief that relies upon portions of the exhibits.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Siemens' Motion to Seal. (ECF No. 274.)

**IT IS SO ORDERED.**

DATED: March 4, 2020

Hon. Cynthia Bashant
United States District Judge